## SHOOTING AN ARRESTING OFFICER ARMED WITH A WARRANT OF DOUBTFUL LEGALITY.

[Circuit Court of Knox County.]

FRANK E. COILE, ALIAS FRANK E. HILDRETH, v. THE STATE OF OHIO.

Decided, October 12, 1906.

*Criminal Law—Homicide—Arresting Officer Killed by Accused—Shooting Premeditated—Defense of Illegality of Warrant—Charge of Court—Weight of Evidence.*

In a prosecution for the killing of an arresting officer, and the accused who killed such officer in resisting arrest interposes the defense that the warrant for the arrest was illegal, the consideration which should be given to such a defense depends upon the circumstances surrounding both the officer and the accused at the time of the homicide; and where the killing had been premeditated by the accused for some hours, and the officer was fully advised as to the crime, the same being a felony, and would have been authorized in making the arrest without a warrant, the question of the legality of the warrant under which the arrest was made is of no importance and does not excuse the willful and premeditated killing of the officer.

BY THE COURT.

This proceeding in error is brought to reverse a judgment of conviction of plaintiff in error for manslaughter, rendered in a cause wherein the state prosecuted said plaintiff in error upon an indictment charging murder in the first degree. The plaintiff in error claims that the verdict of the jury is against the weight of the evidence in one particular only, and waives all other question touching said assignments of error as to the weight of the evidence; that is to say, that the evidence fails to show beyond all reasonable doubt that plaintiff in error shot deceased.

Without attempting to recite any evidence in this record, it is sufficient to say that, to the mind of this court, the evidence offered by the state was overwhelming upon this proposition. True, a captious doubt might be raised upon the theory advanced by counsel for plaintiff in error, that the bullet found in the

body of the victim did not correspond in every detail with the other bullets found in the possession of the defendant; but there are many reasons why this should not now correspond with such bullets, and there is no reason whatever why he should not have had a different one than any of the others found in his possession. The evidence, to our mind, is overwhelming upon this point, and shows conclusively to us beyond all reasonable doubt that plaintiff in error shot James C. Shellenbarger, and the verdict is, therefore, sustained by sufficient evidence.

The only other question raised in this case is as to the charge of the court touching the legality of the warrant issued by the mayor to Sheriff Shellenbarger. We think that all the questions raised touching the legality of this warrant are of little or no importance now, because the plaintiff in error was only convicted of manslaughter. If he had been convicted of murder in the first degree, perhaps the legality of the warrant might become of serious importance, but this record shows the fact that this plaintiff in error armed himself to resist any arrest, and for nearly a whole day premeditated the killing of any officer armed with any warrant that might come to arrest him, and the theory that he at the time doubted the legality of this warrant and for that reason offered resistance is not credible. We think that plaintiff in error did not testify to the truth in that behalf, and that his testimony touching that question is contradicted by every other circumstance in the case as well as by his own evidence touching his conduct on that day.

Upon the question of civil liability of an officer for false imprisonment, the legality of the warrant is of prime importance, but as a defense to the killing of an officer acting in good faith and armed with what upon its face appears to be a legal warrant, although in fact it proves to be defective in some particular, or even void, may or may not become important owing to the circumstances of the case. Under no circumstances could the party threatened with arrest upon such a warrant, do more than offer force commensurate with the danger threatened, and if he knows that the officer is the sheriff of a county and acting in that capacity, the mere fact that he will arrest him and hold him without inflicting any personal violence, will not

authorize his using a deadly weapon upon such officer. The arrest, under such circumstances, becomes a mere detention, and while it may be unlawful it is not such an invasion of his rights, or such an offer of personal violence, as would justify him in using a lethal weapon. But suppose the contention of counsel for plaintiff in error is correct, yet the facts and circumstances of this case show that before any personal violence of any kind or character was offered, this man, who had already armed himself and threatened to kill *any* officer coming with *any* warrant to arrest him, drew this deadly weapon and fired upon the sheriff, and we leave it to some other court to say that the shooting of the sheriff under such circumstances was justifiable, and that the person committing such violence ought not to be punished therefor.

The claim that a killing under such circumstances would not at least be manslaughter, is not a correct statement of the law. It is at least that, and as we view the record, it was murder in the first degree. Conceding the illegality of this warrant, yet this officer of this county was fully advised of the crime then charged against the plaintiff in error, and had a right, under the statutes of this state, to arrest him without a warrant and hold him until a legal warrant could be obtained, and the mere quibble touching the technicality of this warrant can not avail him to escape the consequences of the crime that he premeditated for hours preceding its accomplishment, for it clearly appears from this record that he had a fixed, settled and deadly purpose of killing any officer or any person armed with any warrant coming there to effect his arrest. We are surprised that a verdict of manslaughter instead of murder in the first degree was returned by the jury in this case, and if we were authorized to reverse the verdict for any reason that would not prejudice the state in the prosecution of this crime we would be glad to do so; but we are now dealing with errors assigned by the plaintiff in error, therefore the judgment of the common pleas court will be affirmed, with costs. Exceptions of plaintiff in error are noted.

*F. V. Owen* and *J. B. Graham,* for plaintiff in error.

*L. C. Stillwell,* Prosecuting Attorney, and *W. M. Koons,* for defendant in error.